[No. 13727.   Department Two.   May 9, 1917.]

OLIE SUNDE *et al.*, *Appellants*, v. CHRIS HANSON,
*Respondent*.[1]

ADVERSE POSSESSION—HOSTILE POSSESSION—CLAIM OF TITLE—NOTICE. Where a blanket mortgage upon an addition was foreclosed in 1895, inadvertently including a lot sold and in the possession of the vendee, who continued in possession and in 1898 reasserted ownership, with notice to the then owner that his possession was adverse, his subsequent continued possession and payment of all taxes from that time will ripen into a title by adverse possession.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 3, 1916, upon findings in favor of the defendant, in an action of ejectment, tried to the court.   Affirmed.

*Somers H. Smith* and *Paul Shaffroth*, for appellants.

*Solon T. Williams*, for respondent.

PARKER, J.—This is an action of ejectment tried in the superior court for King county, resulting in findings and judgment in favor of the defendant, Hanson, from which the plaintiffs have appealed to this court.

The land in question is two and one-half acres, known as tract 38 of Panther Lake Garden Tracts.   Respondent, Hanson, has been in the actual possession of the land ever since the year 1893, when he acquired title thereto by warranty deed from its then owner.   At that time there was a blanket mortgage upon all the tracts in the plat of Panther Lake Garden Tracts, the existence of which mortgage was unknown to respondent until its foreclosure in the year 1895, which foreclosure resulted in divesting him of the record title to tract 38, the owner of the mortgage becoming the purchaser of this and the other tracts under the foreclosure. Respondent had paid the taxes on tract 38 up until the fore-

[1]Reported in 164 Pac. 917.

closure sale. He then ceased for a time to pay taxes and recognized that the title to the tract had passed to the owner of the mortgage, though he continued in possession. About the year 1898, respondent reasserted his ownership to the tract, and continued his possession thereto under such circumstances as to evidence to the then owner that he was holding such possession adverse to it. Indeed, the evidence convinces us, as it evidently did the trial court, that the then owner never intended to assert ownership to this tract as against respondent, and that its inclusion in the foreclosure proceeding was inadvertent. Neither it nor any one else, other than respondent, ever paid any taxes upon the tract since the foreclosure. In January, 1902, respondent paid all the delinquent taxes charged against the tract after the foreclosure, and has since then paid all the taxes upon the tract as they became due from year to year. The trial court rendered judgment in respondent's favor upon the theory that he had acquired title to the tract by adverse possession since the foreclosure, finding:

"That ever since the said year 1898, the said defendant Hanson has been in the open, notorious, peaceful, adverse, hostile and continuous actual possession of the premises . . . under claim of ownership and right made in good faith, which said possession, under said claim, has been continuous for more than ten years prior to the commencement of this action."

The contention of counsel for appellants seems to be that the evidence did not warrant this finding, arguing, in substance, that respondent's possession after the foreclosure was but the continuance of his possession prior thereto, and never in fact became adverse to the owner of the mortgage acquiring the record title by foreclosure, and its successors in interest. It seems true that respondent's possession was of the same nature in outward appearance after 1898, following the foreclosure, as before then, but we are quite convinced, as the trial court evidently was, that his possession was, after 1898,

adverse to the record owners, and that they were fully advised of that fact. · Both the law and the equities of the case support respondent's title acquired by adverse possession.

·The judgment is affirmed.

ELLIS, C. J., FULLERTON, MOUNT, and HOLCOMB, JJ., concur.